676 So.2d 739 (1996)
BONDED FREIGHT, INC., et al., Plaintiffs-Appellees,
v.
Clyde BOWENS, Defendant-Appellant.
No. 96-167.
Court of Appeal of Louisiana, Third Circuit.
June 12, 1996.
*740 Andrew Parker Texada, Alexandria, for Bonded Freight, Inc. et al.
Roy Seale Halcomb Jr., Alexandria, for Clyde Bowens.
Before DOUCET, C.J., YELVERTON and SAUNDERS, JJ.
YELVERTON, Judge.
This appeal is from a modification proceeding in a worker's compensation case. The claimants are Bonded Freight, Inc., the employer, and the Louisiana Insurance Guaranty Association. We will refer to the claimants collectively as LIGA. The defendant is the employee, Clyde A. Bowens. LIGA filed a claim for modification of an award of benefits for temporary total disability (TTD). From a judgment of the Office of Worker's Compensation in favor of LIGA modifying the earlier award from TTD benefits to Supplemental Earnings Benefits (SEB), Bowens, the worker, appealed. We mainly reverse.
Bowens was injured on the job on February 5, 1989, and he filed a claim for benefits. The case was tried by the district court in LaSalle Parish, where a judgment was rendered on April 26, 1990, awarding TTD benefits. After an appeal to the third circuit and a writ grant by the supreme court, the supreme court reversed part of the judgment but affirmed the award of TTD benefits. Bowens v. General Motors Corp., 608 So.2d 999 (La.1992). The judgment became final on January 28, 1993. LIGA has paid the ordered benefits since the original trial court judgment and continues to do so to this day.
While Bowens' claim against the defendants was on appeal, Bowens took a job with the LaSalle Parish Sheriff's Office in July 1992. The job paid about half what he was earning when he was injured in 1989. It ended in September 1994 when he was laid off. Bowens notified LIGA about the job when he was hired and again when he was fired. LIGA paid TTD benefits while Bowens was employed.
Nineteen months after the judgment in Bowens, 608 So.2d 999, became final, LIGA filed the present modification claim seeking to have the benefits reclassified as SEB and reduced from $267 per week to $216 per week. The October 1994 claim asked that the reclassification and reduction be made retroactive to July 1992 when Bowens began the job with the sheriff's office. The basis for the claim seeking reclassification and reduction of benefits was his past employment with the sheriff's office.
In August 1994, shortly before the modification claim was filed, Bowens requested rehabilitation pursuant to La.R.S. 23:1226(E). In response to the modification claim, Bowens denied that LIGA was entitled to a reclassification. He pleaded also that LIGA's motion to modify was governed by La.R.S. 23:1331(C), and that the earliest date that a termination of benefits under the total temporary provisions could take place was six months after January 28, 1993, the date the judgment became final.
The modification claim was tried. The hearing officer held that Bowens was not entitled to TTD benefits during the time he worked, and that the employer and LIGA were entitled to a reclassification of benefits and a reduction, effective on the date Bowens went to work for the sheriff's office, July 1992. Interpreting La.R.S. 23:1331(C), the hearing officer believed that LIGA could not seek modification until after July 28, 1993, six months from the date the judgment became final. Nevertheless, the hearing office held that the modification was retroactive to July 1992, finding that the parties did not lose their right to seek modification of a judgment, based on a change in circumstances occurring after the trial date, when the matter was appealed, and a final decision was long in coming. Bowens' request for rehabilitation made in August 1994 was denied. The denial of rehabilitation was based on *741 La.R.S. 23:1226(E) requiring the employee to request and begin rehabilitation within two years from the date of termination of TTD benefits. Finding that when Bowens returned to work in July 1992, that ended his entitlement to TTD benefits, the hearing officer found that his delay until August 1994 to request rehabilitation came too late.
Further, the hearing officer found that, based on La.R.S. 23:1206 providing that voluntary payments not due may be deducted from payments to be made, LIGA was entitled to a credit on future benefits owed for the amounts paid which were not owed to the employee while he was working.
Implementing these conclusions, the hearing officer signed a judgment granting LIGA a $100 a month credit "for voluntary payments not due which were paid from July 1992 through September 1994." The judgment reclassified benefits to SEB effective September 1994, ordering that said benefits were to continue until "true rehabilitation" was provided, but it denied Bowens' claim for rehabilitation. The judgment cast Bowens for costs.

OPINION
Bowens raises five issues: (1) the retroactive application of the modification order; (2) the retroactive elimination of TTD benefits; (3) the retroactive finding that the right to rehabilitation was time-barred; (4) the credit; and (5) costs. We find it unnecessary to decide the issues numbered (1), (3), and (4). It is not necessary to reach these issues because we find, for the following reasons, that there was no statutory or factual basis proved for terminating TTD benefits in this case.
The governing law in a worker's compensation case is that in effect at the time of the injury. Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992); Hopes v. Domtar Industries, 627 So.2d 676 (La.App. 3 Cir.1993). The hearing officer decided as a matter of law that Bowens was not entitled to TTD benefits during the period he worked. That was indeed the law at the time the decision of the Office of Worker's Compensation was handed down. Act 454 of 1989 added La.R.S. 23:1221(1)(b), effective January 1, 1990, to provide that compensation for temporary total disability shall not be awarded if the employee is engaged in any employment. However, this provision became effective after Bowens' injury which was February 5, 1989. It was not in effect at the time of the injury. It is not applicable in this case.
What was applicable was La.R.S. 23:1221(1)(b)[1], added by Act 938 of 1988 which became effective January 1, 1989, and which addressed the duration of TTD benefits:
An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required.
The reason given for reclassifying benefits, thereby terminating TTD benefits, was that Bowens became employed, not that the physical condition had resolved and improved as required by La.R.S. 23:1221(1)(b) as it read in 1989. This short-lived provision was changed again effective in 1990 to add a provision for cessation of TTD benefits in six months, at the outside, unless the employee moved for an extension. But neither the six month limitation, nor the prohibition against an award while working, were in effect when Bowens was injured. It was error to base the cessation of TTD benefits solely on the fact of employment.
In her reasons for judgment the hearing officer made a finding of fact that following his injury Bowens "continues to be treated regularly." Nevertheless, we have examined the evidence in the record to see whether, on the facts, the judgment can be supported by a finding that Bowens' physical condition met the requirements of Section 1221(1)(b). LIGA had the burden of proving by a preponderance of the evidence that Bowens' physical condition had resolved itself to the point that a reasonably reliable determination of the extent of disability could be made, and had improved to the point that *742 continued regular treatment by a physician was not required. Joiner v. Newberg Venture, 94-1533 (La.App. 3 Cir. 5/3/95), 657 So.2d 206; Bailey v. Zurich American Ins. Co., 547 So.2d 734 (La.App. 4 Cir.), writ denied, 552 So.2d 381 (La.1989). The only evidence offered in this case as to his physical condition was the testimony of Bowens and the medical records of his treating physician, Dr. John T. Weiss.
Dr. Weiss, an orthopedist, treated Bowens in 1978 when Bowens injured his back for the first time. He performed a fusion. In the February 5, 1989 truck accident, Bowens reinjured his back. Dr. Weiss treated him regularly following that injury and was still treating him at the time of the modification hearing. Bowens testified that his back had continued to get worse. The medical records of Dr. Weiss corroborate his testimony. These records reveal Dr. Weiss' opinion that Bowens low back was aggravated and made symptomatic by the 1989 accident. Until July 1995 Dr. Weiss saw him monthly and after that every three months. The treatment has required restricted activities; medication for pain, depression, sleep, and stomach problems caused by the medication; daily use of a TENS Unit for pain; and use of a back support as needed. The evidence shows and the hearing officer found that after Bowens went to work for the sheriff's office he was not able to perform all of his duties. As we interpret the medical records, Dr. Weiss did not recommend that he go to work for the sheriff's office although after he found out that Bowens had taken that job, he approved him trying to work. At the hearing LIGA offered no evidence to show the availability of any job for Bowens that was within his physical capabilities of performance. The hearing officer found that Bowens had a post-accident ability to earn wages of zero. From the evidence, we find that LIGA did not prove a factual basis for the cessation of the award of benefits based on TTD as required by La.R.S. 23:1221(1)(b). There being no statutory or factual basis on which the award could be terminated, the reclassification was error.
The hearing officer recognized that Bowens was entitled to rehabilitation but at the same time held that the claim for rehabilitation, asserted more than two years after the retroactive cessation of TTD benefits, came too late. Our finding that the reclassification and consequent cessation of TTD benefits was error, operates to reinstate the recognized right of Bowens to rehabilitation.
A motion for La.Code Civ.P. art. 863 sanctions was made by Bowens. The hearing officer denied the motion. Although we reverse the judgment, the denial of sanctions was proper. The pleadings were based on fact; the claim form sought a modification alleging that Bowens worked, and he did work. A good faith argument was made that, because he could do some work, there was a factual basis for a modification. That we have found LIGA failed to prove a factual basis for a modification does not mean that its pleadings were so groundless as to be sanctionable. We also reject Bowens' claim that LIGA misrepresented the facts regarding who paid TTD benefits, LIGA or General Motors, while he was working. The only reference in the record that we have found on that subject was the proposed stipulations submitted and signed by counsel for LIGA. If proposed stipulations are pleadings, these pleadings correctly represented that LIGA paid Bowens for periods of time and, when it was not paying Bowens, it later reimbursed General Motors, which had made the payments during the interim. The testimony of Bowens confirmed that these were the facts. Therefore, LIGA did not make "false allegations concerning material facts" as argued in appellant's brief.
For the reasons assigned, the judgment of the Administrative Hearing Officer modifying the original judgment ordering the payment of TTD benefits is reversed, and the original judgment is reinstated. The judgment ordering a credit is reversed, as well as the judgment taxing Bowens with costs. The judgment denying sanctions is affirmed. Bowens' right to rehabilitation services is recognized. All costs, here and below, are assessed to Bonded Freight, Inc. and LIGA.
REVERSED IN PART: AFFIRMED IN PART.
NOTES
[1] This subsection was redesignated (1)(d) by Act 454 of 1989.