692 So.2d 684 (1997)
TEXACO, INC., et al., Appellant-Appellee,
v.
Walter FOREMAN, Appellee-Appellant.
No. 96-1434.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1997.
Rehearing Denied May 15, 1997.
*685 Erich Phillip Rapp, Robert M. Hoyland, Baton Rouge, for Texaco, Inc.
Jo Ann Nixon, New Iberia, for Walter V. Foreman.
Before DECUIR, AMY and GREMILLION, JJ.
DECUIR, Judge.
This appeal arises out of a petition by Texaco, Inc. and Cigna Claims Services, Inc. for modification of a judgment rendered on May 24, 1993, in favor of Walter Foreman. Texaco and Cigna alleged in the petition that based upon a functional capacity assessment in February of 1995 and a labor market survey, Foreman's compensation benefits should be changed from temporary, total disability (TTD) to supplemental earnings benefits (SEB).
Foreman was injured on June 2, 1989, while employed by Texaco. He received TTD benefits from the date of his injury through July 8, 1996. Texaco and Cigna concede that Foreman is unable to earn at least 90% of his pre-injury wages and is entitled to SEB based upon an earning capacity of $1,076.50 per month.
After trial on the merits, the hearing officer rendered judgment on July 8, 1996, decreeing that Texaco had sustained its burden of showing that Foreman is no longer entitled to TTD benefits and that it is entitled to convert Foreman's benefits to SEB. However, the judgment decreed that Foreman is entitled to SEB based upon "zero (0%) percent earnings," and that solely as a consequence of substantial pain, Foreman is unable to perform the employment offered or available. The hearing officer awarded Foreman 520 weeks of SEB at zero (0%) percent earnings effective from the date of the judgment, July 8, 1996. Both parties appeal.
Texaco and Cigna contend on appeal that the hearing officer erred in finding that Foreman had no earning capacity due to substantial pain and in awarding Foreman 520 weeks of SEB. Foreman contends on appeal that the hearing officer erred in finding that he was not entitled to TTD benefits while at the same time finding that he could not perform light to sedentary work due to substantial pain. In other words, Foreman argues that the hearing officer's finding that he is prevented from working due to his pain necessitates a finding of continued total disability.

Burden of Proof
The burden of proof to be met by Foreman under the facts of this case is clear and convincing. La. R.S. 23:1221(1)(c) and 23:1221(3)(c)(ii).
*686 In reasons for judgment, the hearing officer found the medical evidence submitted indicates that Foreman can work a job in the light to sedentary category; that Texaco had, in fact, offered work to Foreman in his community or geographical area; and that such jobs were identified by Texaco's vocational rehabilitation expert. Nevertheless, the hearing officer concluded based solely upon Foreman's testimony and that of his wife, that he could not perform the jobs identified due to substantial pain. The record reflects that Foreman did not respond to the vocational rehabilitation counselor's correspondence concerning the job offers, and did not attempt to perform the jobs identified. Furthermore, Foreman has never attempted to return to any type of gainful employment and admitted that he may be able to return to some type of part-time employment. The hearing officer nevertheless found that Foreman had proved by clear and convincing evidence that solely as a consequence of pain, he is unable to perform the offered employment.
Foreman's subjective belief that he cannot work does not satisfy the clear and convincing standard. See Augustine v. Paul Wall Truck Line, Inc., 603 So.2d 770 (La.App. 3 Cir.), writ denied 608 So.2d 193 (La.1992). It is undisputed that Foreman was released to light or sedentary employment, and that two physicians, including his treating physician, and physical therapist approved the jobs offered by Texaco. Foreman's treating physician Dr. Thomas Whitecloud testified that Foreman should return to work and is certainly capable of performing the jobs outlined by Texaco. Dr. Whitecloud testified that although Foreman experiences occasional pain and discomfort, he does not think that Foreman is in severe pain. Dr. Gordon Nutik also testified that Foreman was capable of returning to sedentary work and approved the jobs outlined by Texaco's vocational rehabilitation counselor.
We agree with Texaco that Foreman's unsubstantiated testimony in contradiction of all medical experts and vocational rehabilitation counselor does not meet the "clear and convincing" burden. This court stated in Comeaux v. Sam Broussard Trucking, 94-1631, p. 10-11 (La.App. 3 Cir. 5/31/95); 657 So.2d 449, 455-56:
Nevertheless, the employer introduced evidence that it provided a light duty position to claimant in accordance with the limitations set out by Dr. Shepherd; Dr. Shepherd and Dr. Blanda both testified that claimant was capable of light duty work; and Dr. Blanda specifically testified that claimant would be capable of mopping. This court has previously held that an employee is not entitled to supplemental earnings benefits when an employee has been released by his treating physician to engage in light duty work and has refused his employer's offer of a light-duty position. Fusilier v. Slick Const. Co., 94-11 (La.App. 3 Cir. 6/1/94), 640 So.2d 788. Furthermore, when an employer has offered a position to employee and establishes by a preponderance of the evidence that the employee is capable of performing that position, an employee who contends that he is unable to perform such employment solely as a consequence of substantial pain must establish his inability to perform such job by clear and convincing evidence. La.R.S. 23:1221(3)(c)(ii). The clear and convincing burden of proving inability to work due to substantial pain is not met where all the medical evidence indicates that a claimant is capable of light duty work and the claimant only offers lay testimony that he is unable to work due to substantial pain. Dugas [v. Rosary House], 635 So.2d 570 [(La.App. 3 Cir. 1994)].

Earning Capacity
Texaco and Cigna contend that the hearing officer erred in finding that Foreman's earning capacity as presented at the trial is zero. We have reviewed all the evidence, including the testimony of Jeffrey Carlisle, vocational rehabilitation counselor, and the information relating to employment positions available to plaintiff and approved by his physician and physical therapist. Our review of the record reflects that Foreman is entitled to SEB based upon an earning capacity of $1,076.50 a month. Thus, we reverse that portion of the hearing officer's finding that solely as a consequence of pain, *687 plaintiff is unable to perform the employment offered and that plaintiff is entitled to SEB based upon a zero (0%) percent earning capacity.

Credit Pursuant to La.R.S. 23:1223
Texaco and Cigna contend that pursuant to La.R.S. 23:1223, Foreman is entitled to 148 weeks of SEB from July 1996 rather than the 520 weeks awarded by the hearing officer. We agree. La.R.S. 23:1223(B) provides that when TTD benefits have been paid, the amount of these benefits shall be deducted from any SEB awarded. Prior to the 1989 amendment to La.R.S. 23:1223 (which became effective January 1, 1990), the statute did not provide for such a deduction from SEB. Since Foreman has received 372 weeks of TTD benefits from January 1990 through July 1996, he may be entitled to a maximum of an additional 148 weeks of SEB rather than the 520 weeks awarded by the hearing officer.

Disposition
We affirm the judgment of the hearing officer decreeing that Texaco and Cigna are entitled to convert TTD benefits to SEB. We reverse the hearing officer's finding that solely as a consequence of pain, Foreman is unable to perform the employment offered and that Foreman is entitled to SEB based upon zero (0%) percent earnings capacity. We conclude that Foreman is entitled to SEB based upon an earning capacity of $1,076.50. Furthermore, Texaco and Cigna are entitled to a credit for TTD benefits paid from January 1990 against its SEB obligation. Thus, Foreman is entitled to SEB for 148 weeks from July 8, 1996, provided he continues to meet the statutory conditions for entitlement to SEB. Costs of appeal are assessed one-half to Texaco and Cigna and one-half to Foreman.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.