719 So.2d 730 (1998)
William C. CLARK, Plaintiff-Appellee,
v.
TOWN OF BASILE, Defendant-Appellant.
No. 98-439.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1998.
*731 John Henri Pucheu, Eunice, for William C. Clark.
H. Douglas Hunter, Opelousas, for Town of Basile.
Before SAUNDERS, DECUIR and SULLIVAN, JJ.
DECUIR, Judge.
The Town of Basile appeals the judgment of the Office of Workers' Compensation in favor of William C. Clark in the amount of $5,927.28, representing additional sums due under a prior judgment, together with interest, penalties, attorney's fees and costs. The workers' compensation judge did not address the merits of the Town's entitlement to an offset, but found the defendant cannot unilaterally take an offset against a final judgment. The Town contends that the workers' compensation judge erred in finding it liable for the sum of $5,927.28, representing the amount of state supplemental pay received by plaintiff, and in awarding penalties and attorney's fees.
Plaintiff suffered a work-related injury while employed as a police officer on November 26, 1989. Plaintiff was paid compensation benefits commencing in February 1990. On May 8, 1996, this court affirmed the judgment of the Office of Workers' Compensation awarding TTD benefits from September 9, 1991, to April 25, 1994, and SEB benefits from April 25, 1994, to April 20, 1995, plus penalties and attorney's fees. On August 10, 1996, the Town tendered a check in the amount of $18,554.56, unilaterally taking an offset in the amount of $5,927.28, representing state supplemental pay received by plaintiff pursuant to La.R.S. 33:2218.2, which statute provides for additional pay for police officers out of state funds and allows for the continuation of supplemental pay during any period of disability resulting from any injury sustained in the line of duty.
The Town claims that it is entitled to an offset for the amount of supplemental pay received, relying on Crooks v. Town of Ball, 94-466 (La.App. 3 Cir.11/2/94); 649 So.2d 597, which mandates that state supplemental pay under La.R.S. 33:2218.2 be included in the calculation of wages for the determination of workers' compensation benefits. Defendant states that plaintiff received compensation benefits representing his wages from both the defendant and the State. It contends that since plaintiff did not earn the supplemental pay during his period of disability, these payments represent "wages in lieu of compensation," and thus pursuant to La.R.S. 23:1206, defendant is entitled to an offset or credit for the amount of supplemental pay received during his period of disability from February 1990 through April 25, 1995. La.R.S. 23:1206 provides:
Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation.
(Emphasis added.)
Furthermore, defendant contends that to not allow it the credit for the amount of the state supplemental pay runs contrary to the purpose of the Workers' Compensation Act espoused in Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/25/95); 660 So.2d 841, regarding the duplication of benefits.
*732 We begin by noting that the defendant did not assert its entitlement to an offset or credit as an affirmative defense, nor did it seek judicial demand or obtain judicial approval before taking the offset. Where the employer has made voluntary payment of workers' compensation benefits and where the benefits have never been judicially fixed, the employer is entitled to unilaterally claim the offset allowed by La.R.S. 23:1225. Duke v. Rapides Senior Citizens Center, 94-621 (La.App. 3 Cir. 12/7/94); 647 So.2d 648, writ denied, 95-0055 (La.3/17/95); 651 So.2d 268. Otherwise, judicial demand and approval is required. See Necaise v. A.C. Co. of South Louisiana, Inc., 499 So.2d 1074 (La.App. 3 Cir.1986). The issue of an offset for the state supplemental pay apparently did not arise until after the final judgment was rendered by the workers' compensation judge. Setoff is an affirmative defense which must be specifically pled, and because defendant failed to so plead, it cannot be raised now as an issue on appeal. La.Code Civ. P. art. 1005; See Margin v. Barthelemy, 93-2224 (La.App. 4 Cir. 5/17/94); 638 So.2d 291, writ denied, 94-2172 (La.11/18/94); 646 So.2d 378. Thus, we find no error in the workers' compensation judge's finding that defendant was wrong in unilaterally taking the deduction against a final judgment. The workers' compensation judge did not address the merits of the offset. Likewise, we do not reach that issue today.
Defendant next contends that the workers' compensation judge erred in awarding penalties and attorney's fees pursuant to La.R.S. 23:1201(G) which provides for the awarding of penalties and attorney's fees in the event a final, non-appealable judgment is not paid within thirty days after it becomes due. The judgment of this court dated May 8, 1996, became final on June 8, 1996, and defendant tendered payment on August 10, 1996. Defendant argues that there were several reasons for the delay, i.e. confusion over the amount of payments due under the judgment and settlement negotiations. The question of penalty and attorney fee assessment is essentially one of fact and subject to the manifest error standard of review. McCarty v. State, Office of Risk Management, 94-33 (La.App. 3 Cir. 10/5/94); 643 So.2d 886. We find no manifest error in the assessment of penalties and attorney's fees under the facts of this case.
Plaintiff answered the appeal seeking additional attorney's fees on appeal. A review of the record supports such an award. Plaintiff is hereby awarded $2,000.00 in attorney's fees in connection with this appeal.
The judgment of the Office of Workers' Compensation is affirmed. Costs of appeal are assessed to defendant-appellant. Plaintiff is awarded $2,000.00 in attorney's fees in connection with this appeal.
AFFIRMED.