769 So.2d 591 (2000)
TOWN OF BASILE
v.
William CLARK.
No. 99-1261.
Court of Appeal of Louisiana, Third Circuit.
May 31, 2000.
Writ Denied October 27, 2000.
*592 H. Douglas Hunter, Guglielmo, Lopez, Tuttle, Hunter, and Jarrell, Opelousas, LA, Counsel for Plaintiff-Appellee.
John H. Pucheu, Pucheu, Pucheu, and Robinson, Eunice, LA, Counsel for Defendant-Appellant.
(Court composed of HENRY L. YELVERTON, ULYSESS G. THIBODEAUX, SYLVIA, R. COOKS, JOHN D. SAUNDERS, and MARC T. AMY, Judges.)
SAUNDERS, Judge.
William Clark (Claimant) was injured in the course and scope of his employment with the Town of Basile (Basile). Several trial court actions and appeals followed the accident. The workers' compensation hearing officer in the most recent trial held that: (1) Claimant's supplemental earning benefits (SEB) terminate on February 4, 2000; (2) Basile is entitled to a Garrett offset for Social Security Benefits; (3) Basile properly considered Claimant's actual work history in determining SEB; (4) SEB prior to January 1997 should include state supplemental pay (SSP) but SEB after January 1997 should not include *593 SSP; (5) Claimant is not entitled to La. R.S. 23:1333 acceleration of benefits; (6) Basile properly reduced Claimant's benefits in March 1996; and, (7) Claimant is not entitled to attorney's fees and penalties. We affirm in part, reverse in part, and remand and render.

FACTS
William Clark (Claimant) was injured in the course and scope of his employment as a police officer with the Town of Basile (Basile) on November 26, 1989, when his foot went through the bathroom floor resulting in injury to his right knee. Although Claimant continued to work for three months after the accident, the pain in his knee increased and his family doctor, Dr. Bobby Deshotel, referred him to Dr. Stephen Nason, an orthopedic surgeon.
On April 12, 1995, Honorable John Q. Davis, Basile's mayor, offered Claimant a job as police dispatcher. Mayor Davis informed Claimant that he would be required to work eight hour shifts in compliance with Dr. Nason's restrictions. Claimant had not worked since the November 1989 accident.
Claimant worked the eight-hour shift for three days. At that time, Basile Police Chief Allen Ivory informed Claimant that eight-hour shifts were no longer feasible and requested Claimant to work twelve hour shifts. Although this was beyond the restrictions set by Dr. Nason, Claimant, in his testimony, stated that "I was under the impression that I had to try to go to the twelve hour shifts, or either lose my check." Following a change in Claimant's work schedule, Chief Ivory observed swelling in Claimant's knee and also noted that he was frequently absent from the job due to swelling and pain in his knee. On August 5, 1996, Claimant had a heart attack and is unable to return to work.

PROCEDURAL HISTORY
On November 1, 1991, Claimant filed a workers' compensation claim form and a hearing ensued on May 21, 1992. The workers' compensation hearing officer ruled in favor of Basile. Clark appealed to this court. While the first appeal was pending, Clark's condition worsened, thus, he filed another Form 1008 on May 28, 1993, on the basis of a change in condition. Subsequently, this court remanded the case for a determination of eligibility. See Clark v. Town of Basile, 93-519 (La.App 3 Cir. 2/2/94); 631 So.2d 744. At that time, both matters were consolidated and tried on September 1, 1995.
In the September 1995 judgment, the hearing officer ruled that Clark was entitled to temporary total disability (TTD) benefits from September 9, 1991, to April 25, 1994, and supplemental earning benefits (SEB) from April 25, 1994, until April 25, 1995. Basile was also ordered to pay penalties, attorney's fees, and all costs. Basile appealed this judgment and we affirmed the hearing officer's findings. See Clark v. Town of Basile, 95-1567 (La.App. 3 Cir. 5/8/96); 673 So.2d 369.
Afterwards several motions and answers were filed by the respective parties. On August 25, 1996, Claimant filed a Motion to Impose Penalties and Assess Costs. In his motion, Clark asserted that the May 8, 1996, judgment became final on June 8, 1996, and that Basile failed to pay the amount ordered in the judgment within a 30-day time period. Conversely, Basile asserted that it unilaterally took a deduction for state supplemental pay. A hearing on the motion to impose penalties was held and on November 10, 1997, the hearing officer found that Basile could not unilaterally take a deduction against a final judgment. This court in Clark v. Town of Basile, 98-439 (La.App. 3 Cir. 10/7/98); 719 So.2d 730, affirmed the hearing officer's findings.
On June 25, 1997, while the above matter was pending, Basile filed a petition seeking an offset in accordance with La. R.S. 23:1225(C)(1)(c) and Garrett v. Seventh Ward General Hospital, 95-17 (La.9/22/95); 660 So.2d 841. On March 2, 1998, Clark filed an Answer and Reconventional *594 Demand requesting an acceleration of benefits under La.R.S. 23:1333. Basile, on May 15, 1998, filed a Supplemental Rule claiming an additional offset under La.R.S. 23:1225(C) based on Claimant's State Supplemental Pay. Clark, in return, on August 24, 1998, filed an Amended Answer and Reconventional Demand. On October 12, 1998, Basile filed an Answer to Reconventional Demand requesting a credit for SSP. All of these issues were tried on October 22, 1998, and this appeal resulted.

LAW AND ANALYSIS
In determining the issues presented on appeal, this court is cognizant of the principles set forth in Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La. 1993). In Pinkins, the supreme court stated that "[it] is well established that this state has long recognized the workers' compensation act is remedial in nature. In order to effectuate the humane policies it reflects, the law is to be liberally construed in favor of the injured employee." Id. at 55.

A. RETROACTIVE APPLICATION OF LA.R.S. 23:1223(B)
Claimant, in his first assignment of error, asserts that the trial court erred in applying La.R.S. 23:1223(B). Claimant argues that La.R.S. 23:1223(B) is not applicable to this case since the injury-causing accident occurred before the effective date of this provision.
If an amendment constitutes a substantive change in the law, the amendment is to be applied prospectively only. See La. Civ.Code art. 6; St. Paul Fire & Marine Insurance Co. v. Smith, 609 So.2d 809 (La.1992). A review of workers' compensation cases shows that where questions of retroactivity have arisen, the general rule against retroactivity has been applied. See Bruno v. Harbert International, 593 So.2d 357 (La.1992); Batiste v. Capitol Home Health, 96-799 (La.App. 3 Cir. 5/7/97); 699 So.2d 395; Miles v. F.D. Shay Contractor, Inc., 626 So.2d 74 (La.App. 3 Cir.1993); Bonded Freight, Inc., v. Bowens, 96-167 (La.App. 3 Cir. 6/12/96); 676 So.2d 739; Dietz v. Guichard Drilling Co., 626 So.2d 79 (La.App. 3 Cir.1993). We follow the majority rule and find that La. R.S. 23:1223(B) is not retroactive.
At the time of Claimant's injury, the applicable law provided that "[w]hen compensation has been paid under R.S. 23:1221(1), (2), or (3), the amount of such payment shall be deducted from any compensation allowed under R.S. 23:1221(4) or Subpart C of this Part." La.R.S. 23:1223(A). Subsequently, the legislature added section B which reads as follows: "[e]xcept as provided in R.S. 23:1221(4)(s), when compensation has been paid under R.S. 23:1221(1), (2), or (4), the amount of such payment shall be deducted from any compensation allowed under La.R.S. 23:1221(3) or Subpart C of this Part." La. R.S. 23:1223(B).
The supreme court in Thibodeaux v. Diamond M Drilling Co., 93-2963 (La.2/25/94); 632 So.2d 736, addressed the application of the provision and stated that:
This section [section B] did not provide a credit against an award of supplemental earnings benefits until it was amended effective January 1, 1990. Because the amendment established a new credit for the employer, thereby divested the employee of compensation, we find that the amendment constituted a substantive change in the law. Accordingly, retroactive application of this amendment is impermissible and the employer has no right to a reduction of benefits because no such reduction was authorized at the time of the plaintiff's injury.

Id. at 736. (Emphasis added; citations omitted; footnote omitted.)
In the instant matter, Claimant was injured on November 26, 1989, and received his first payment of TTD on February 4, 1990. The clear language of the law in effect at the time of Claimant's injury grants him an undetermined number of *595 weeks of TTD, plus 520 weeks of SEB without any credit for the weeks of TTD he received. Thibodeaux, 632 So.2d 736.
Basile concedes that it is not entitled to credit for TTD benefits paid prior to January 1, 1990, but asserts it is entitled to a credit against SEB for all TTD benefits paid after the effective date of the provision. Basile relies upon the cases of Fallen v. New Orleans Police Dept., 97-22 (La.App. 4 Cir. 7/23/97); 697 So.2d 1077 and Texaco v. Foreman, 96-1434 (La.App. 3 Cir. 4/2/97); 692 So.2d 684, writ denied, 96-1617 (La.10/3/97); 701 So.2d 206, emphasizing the date of payment and not the date of the accident. However, both of these cases contravene the clear language in Thibodeaux which states that: "[a]ccordingly, retroactive application of this amendment is impermissible and the employer has no right to a reduction of benefits because no such reduction was authorized at the time of the plaintiff's injury." Id. at 736. (Emphasis added).
Applying Thibodeaux, the date of the injury is the pertinent date used in determining retroactive application of La.R.S. 23:1223(B). Since Claimant's injury occurred prior to the effective date of section B, we find that the section is not applicable to the facts of this case, thus, Claimant's payments under La.R.S. 23:1221(1) shall not be deducted from compensation under La.R.S. 23:1221(3).

B. CALENDAR DATE FOR TERMINATION OF SEB
Claimant, in his second assignment, argues that the hearing officer erred in setting a specific date, February 4, 2000, as the termination date for Claimant's SEB. As stated in the above section, we find that La.R.S. 23:1223(B) is not retroactive, thus, the hearing officer's setting termination of SEB at February 4, 2000, was an error.
Moreover, we find that, in accordance with La.R.S. 23:1221(3)(d)(ii), a claimant is entitled to 520 weeks of actual payments and not 520 weeks of calendar payments. Therefore, the hearing officer is required only to cite the formula set forth in La. R.S. 23:1221(3)(d)(ii) and not set a specific calendar date.

C. GARRETT OFFSET
Claimant's third assignment of error is that the hearing officer erred in awarding the right to offset Clark's social security benefits against his workers' compensation benefits in accordance with the holding in Garrett, 660 So.2d 841. Claimant refers to the holding in Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99); 734 So.2d 623, in which the supreme court reversed Garrett and held that La.R.S. 23:1225(C) does not permit an offset of Social Security Disability benefits against workers' compensation benefits. Considering the Pitre holding, we reverse the hearing officer's award of a right to offset Social Security benefits.

D. SEB CALCULATION
In Claimant's fifth assignment of error he asserts that the Hearing officer erred in calculating the amount of SEB owed to Claimant. La.R.S. 23:1221(3)(a) provides the formula for calculating SEB as follows:
For injury resulting in the employee's inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six and two-thirds percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment....
(Emphasis added).
The manifest error standard of review governs review of supplemental earnings benefit SEB claim. Benoit v. Frank's Casing Crew, 97-1522 (La.App. 3 Cir. 5/20/98); 713 So.2d 762, writ denied, 98-1697 (La.10/9/98); 726 So.2d 31.
*596 In the instant case, the rate of SEB is determined by the employer [Basile] proving an available job. See City of Jennings v. Dequeant, 96-943 (La.App. 3 Cir. 11/5/97); 704 So.2d 264, writ denied, 98-0610 (La.4/24/98); 717 So.2d 1174. Basile asserts that the correct measure of Claimant's earning capacity is his actual earnings from his job as police dispatcher because this job is available for Claimant. The hearing officer agreed with Basile. Conversely, Claimant asserts that he is unable to work as a police dispatcher, thus, his actual earning capacity is zero. Claimant emphasizes that the police dispatcher job required him to work twelve-hour shifts which resulted in pain and swelling of his knee. He also refers to Dr. Nason's letter dated February 4, 1998, which stated that: "I think that working as a dispatcher for 8 hour shifts a day is appropriate. I do not feel that 12 hour shifts are appropriate due to the increase symptoms that these have caused in the past." (Emphasis added). It is evident from the testimony of Chief Ivory and Dr. Nason's notes that, while Claimant worked the twelve-hour shifts, he suffered from substantial pain and swelling in the knee. The dispatcher job also required Claimant to engage in other activities that were prohibited by Dr. Nason. Furthermore, Basile does not present any evidence indicating that the dispatcher's job could be restricted to only eight-hour shifts.
We reverse the hearing officer's finding of SEB because it is clear from the record that an eight-hour shift dispatcher job does not exist and Claimant is not physically capable of working a job that entails twelve-hour shifts, thus, Claimant's earning capacity as of October 1, 1996, is zero.

E. STATE SUPPLEMENTAL PAY (SSP)
In his fifth assignment of error, Claimant asserts that the hearing officer erred in finding that: (1) SSP paid prior to 1997 is subject to a La.R.S. 23:1225(C) offset; (2) it is appropriate to consider SSP in calculating SEB prior to 1997; and (3) that Basile is entitled to obtain an offset/credit for SSP paid prior to January, 1997. We will address each of these findings separately.

(1) SSP AND LA.R.S. 23:1225(C) OFFSET

The hearing officer's judgment and written reasons for judgment differ on this issue. The judgment states that "[s]tate supplemental pay is not subject to a 23:1225(C) offset after 1997." However, the written reasons for judgment state that: "[t]he state supplemental pay is additional compensation provided by the State for police officers injured in the line of duty. That pay is not subject to any 1225(C) offset."
La.R.S. 23:1225(C)(1)(c) provides the employer with an offset for benefits received by the employee from any disability benefit plans that are funded by the employer. The hearing officer, in her written reasons for judgment, correctly notes that an employer can only receive a La.R.S. 23:1225(C) offset if the "benefit is funded by the employer ... Police officers have not been considered employees of the State but of their local communities. This Court [Office of Workers' Compensation] can not now say that as a result of the supplemental pay provided by the State as additional compensation that Mr. Clark is an employee of the State of Louisiana." SSP, both before and after 1997, has been funded by the State, thus, Basile is not entitled to an offset for SSP. Accordingly, we reverse the hearing officer's award of an offset for SSP paid prior to 1997.

(2) IS SSP COUNTED AS EARNINGS FOR CALCULATING SEB?

In Crooks v. Town of Ball, 94-466 (La.App. 3 Cir. 11/2/94); 649 So.2d 597, this court held that SSP is inclusive in the calculation of the average weekly wage. However, in 1997, the legislature amended La.R.S. 23:1021(10) to exclude SSP from the definition of wages for the purpose of calculating the average weekly wage. Therefore, the law is clear that SSP should be considered as earnings prior *597 to the 1997 amendment. However, we conclude, based on the law of the case doctrine and the requisites for asserting an affirmative defense, that Basile is not entitled to a La.R.S. 23:1206 credit for benefits paid prior to 1997.
First, we will address benefits paid in accordance with the September 1995 judgment. In Barnett v. Jabusch, 94-819 (La. App. 3 Cir. 2/1/95); 649 So.2d 1158, this court noted that under the law of the case doctrine, ordinarily a court of appeal will not reconsider its own rulings of law on a subsequent appeal in the same case.
The hearing officer's September 1995 judgment stated that:
[J]udgment in favor of William C. Clark, and against the Town of Basile for temporary total disability benefits in the sum of $236.36 per week from September 9, 1991 through April 25, 1994, and for supplemental earnings benefits from April 25, 1994 through the time of trial [April 20, 1995] based upon a wage upon a earning capacity of $736.66.
The September 1995 judgment was affirmed by this court in Clark, 95-1567; 673 So.2d 369. Basile did not appeal this judgment, thus, the judgment is final and Claimant is entitled to the amounts awarded.
Next, we will consider the SEB payments made after April 20, 1995, until the 1997 amendment of La.R.S. 23:1021(10). We find that Basile is not entitled to a credit for these payments because Basile failed to timely assert its right to this credit.
We note that Basile did not assert its entitlement to a credit as an affirmative defense in its answer.[1] Extinguishment of an obligation in any manner and a setoff are affirmative defenses which must be specifically plead in the answer. La.Code Civ.P. art. 1005; Terro v. WMCO, Inc., 619 So.2d 639 (La.App. 3 Cir.1993). In Gentile v. Baton Rouge General Medical, 95-348 (La.App. 1 Cir. 11/9/95); 665 So.2d 422, the employer failed to seek credit for medical expenses in its answer and did not raise the issue of a credit at trial. The court, in Gentile, held that the employer forfeited his right to the credit.
This court in Clark, 719 So.2d 730, affirmed the hearing officer's finding and emphasized that "[t]he issue of an offset for the state supplemental pay apparently did not arise until after the final judgment was rendered by the workers' compensation judge. Setoff is an affirmative defense which must be specifically pled, and because defendant failed to so plead, it cannot be raised now as an issue on appeal." (Citations omitted). Subsequently, after our decision, on October 12, 1998, Basile, in its Answer to Reconventional Demand, asserted that "[t]he employer is entitled to an offset and/or credit to the extent that the employee has earned or is able to earn wages and/or has received state supplemental pay, worker's [sic] compensation benefits, and/or disability benefits." Applying the principles in Gentile and La.Code Civ.P. art. 1005, we find that Basile did not timely assert the affirmative defense at the trial level, thus, its affirmative defense for a credit can only be applied prospectively from the date of filing. As such, it is not applicable to benefits paid from September 1995 until January 1997.

F. ACCELERATION OF BENEFITS
In his sixth assignment of error, Claimant asserts that the hearing officer erred in failing to accelerate benefits in compliance with La.R.S. 23:1333 which states that:
If the employer against whom an award awarding compensation has been rendered becomes insolvent or fails to pay six successive installments as they become due, the installments not yet payable under the award shall immediately *598 become due and exigible and the award shall become executory for the whole amount; but if the employee or his dependent is adequately protected by insurance and receives payments thereunder this right shall not accrue.
(Emphasis added).
Basile overpaid SEB in the months of August, September, October, November 1995 and January 1996. These payments were voluntarily made and not in accordance with a previous judgment. In March 1996, Della Hildebrand noted the overpayment and notified Claimant's attorney of future actions to recoup the overpayment. Subsequently, Basile stopped payments until September 1996. Although Basile overpaid Claimant for five months, the recoupment period continued for six months. Afterwards, Basile reinstated payments.
Considering the requisites of La.R.S. 23:1333 and the facts of this case, we find that Claimant is not entitled to an acceleration of future benefits. The record is clear that Basile did not literally fail to make payments but pre-paid the amounts owed. We acknowledge that this holding is harsh in light of the fact that Claimant was indeed without compensation payments for six consecutive months and was undoubtedly caused real hardship by this lack of payment. It would certainly have been more prudent on the part of Basile to obtain approval from the hearing officer to a devise a recoupment plan that might not have left Claimant completely without any subsistence for a full six months. This multi-litigated case has become more involved and more complex than most and Basile has suffered multiple impositions of penalties and attorney's fees. Under the unique facts of this case, we feel it inappropriate to invoke the acceleration doctrine, noting, nevertheless, that failure to obtain the hearing officer's approval for similar non-payments in the future might not be handled so leniently.
Furthermore, we find that the overpayment should have been recouped in five months, thus, Claimant is entitled to SEB for the month of August.

G. IMPROPER REDUCTION
Claimant's seventh assignment contends that the hearing officer erred in finding that Basile properly reduced Claimant's benefits. Claimant also asks us to set forth the proper method for calculating SEB, and to remand this issue to the lower court. As discussed in the previous section, Basile's reduction for overpayment was justified during a five month recoupment period. However, we find that Basile improperly reduced benefits for the sixth month, thus, Claimant is entitled to repayment for one month.
Concerning the proper method of calculating SEB, in previous sections we concluded that Claimant's earning capacity is zero commencing October 1996 and that SSP should not be included in calculating SEB paid after January 1997. Therefore, we remand and request the hearing officer to calculate the proper amount of benefits owed in accordance with these findings.

H. ATTORNEY'S FEES AND PENALTIES
Claimant's final assignment of error is that the hearing officer erred in not awarding attorney's fees. The determination of whether an employee may be awarded penalties and attorney's fees is a question of fact. We will not disturb the hearing officer's decision on review, absent a finding of manifest error. Fontenot v. J.K. Richard Trucking, 97-220 (La.App. 3 Cir. 6/4/97); 696 So.2d 176.
La.R.S. 23:1201.2, in relevant part, states:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney's fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 *599 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.
The provision is penal in nature and should be strictly construed. Employers/insurers are not penalized for contesting legitimate issues. Miles v. F.D. Shay Contractor, Inc., 626 So.2d 74 (La.App. 3 Cir.1993). We affirm the hearing officer's finding because all issues presented on appeal were complex and legitimately contested.

I. APPELLEE'S ANSWER
Appellee, in its answer, makes the following assignments of error:
(1) the Hearing officer erred in finding that Claimant's average weekly wage (AWW) should be recalculated as of January 1, 1997, the effective date amendments to La.R.S. 23:1021(10)(e);
(2) Hearing officer erred in finding that Basile was not entitled to an offset against disability benefits owed due to the Claimant's receipt of SSP after January 1, 1997; and
(3) if this court finds that Claimant's AWW should be recalculated as of the date of his work accident to exclude SSP, then Basile is entitled to an offset or credit for any overpayment.
The first and second assignments of error were discussed in section E of this opinion. In light of our conclusion in section E, we find that Basile's third assignment of error is without merit.

DECREE
In accordance with the foregoing reasons, we reverse the hearing officer's finding insofar as it holds that La.R.S. 23:1223(B) cannot be applied retroactively because the pertinent date is the date of the injury and not the date of payment. Thibodeaux, 632 So.2d 736. We find that the hearing officer erred in setting a specific calendar date for the termination of Claimant's SEB, and we reverse the hearing officer's award of a La.R.S. 23:1225(C) offset for social security benefits. We also reverse the hearing officer's award of a La.R.S. 23:1225(C) offset for SSP.
Additionally, we hold that Claimant has a zero earning capacity commencing October 1996 and that SSP should not be included in calculating SEB after January 1997.
We remand this case to the Office of Workers' Compensation to determine the proper amount of SEB owed in accordance with these findings. We also hold that SSP should have been included in calculating SEB prior to 1997, but Basile is not entitled to a credit because it failed to timely assert this issue.
We affirm the hearing officer's denial of an acceleration of benefits, attorney's fees, and penalties. However, we find that Basile improperly recouped an extra month of SEB, thus, we order repayment of one month of SEB.
Costs of appeal assessed against Basile.
AFFIRMED IN PART, REVERSED IN PART, REMANDED AND RENDERED.
AMY, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS.
AMY, J., concurring in part, dissenting in part.
I am in agreement with the result reached by the majority in a number of areas. First, I agree that reversal is warranted insofar as the workers' compensation judge determined that TTD benefits made after the enactment of the 1990 amendment to La.R.S. 23:1223(B) should be considered in determining the duration of SEB eligibility. While I do not find that Thibodeaux v. Diamond M Drilling Co., 93-2963 (La.2/25/94); 632 So.2d 736, answers the question asked here, I think that the issue is resolved by consideration *600 of whether the right to benefits vested at the time of the work-related accident. As I conclude they did, any subsequent amendment would be a substantive change and could not apply retroactively. I believe this to be true for TTD benefits made both before and after the amendment. Next, due to the supreme court's subsequently rendered opinion in Al Johnson Constr. Co. v. Pitre, 98-2564 (La.5/18/99); 734 So.2d 623 in which they reversed their prior decision in Garrett v. Seventh Ward Gen. Hosp., 95-17 (La.9/22/95); 660 So.2d 841, I agree with the majority that the Garrett offset awarded in this case must be reversed. I also agree that the judgment should be amended to reflect the hearing officer's written reasons indicating that no offset for SSP should be permitted since it was funded by the State, not the employer. Finally, as for the acceleration and penalties/attorney's fees issues, I agree that the workers' compensation judge's determinations should be affirmed, but conclude that these decisions should be affirmed in full. I would not award the sixth month of SEBs as does the majority. In these areas, I concur.
In other areas, I respectfully dissent from the majority decision. First, I find no error in the hearing's officer's approval of SEB calculations used by the Town of Basile. The workers' compensation judge observed that Clark actually worked twelve-hour shifts, a determination used in setting the SEBs, despite his protests that he was only able to work an eight-hour day. I find no error in the conclusion that the twelve-hour days, along with unrelated security work, demonstrated the reality of Mr. Clark's work history and was a sufficient basis for calculating SEBs. Finally, after reviewing the workers' compensation judge's reasoning regarding the inclusion of SSPs in calculating SEBs prior to 1997 and excluding them after enactment of La. R.S. 23:1021(10)(e), I find no clear error in this regard. As to these areas, I dissent.
NOTES
[1] In Clark v. Basile, 98-439 (La.App. 3 Cir. 10/7/98); 719 So.2d 730, the panel also noted that Basile failed to assert its entitlement to an offset or credit as an affirmative defense.