819 So.2d 1098 (2002)
Louis BURGE
v.
LOUISIANA INSURANCE GUARANTY ASSOCIATION.
No. 02-33.
Court of Appeal of Louisiana, Third Circuit.
May 15, 2002.
Rehearing Denied July 17, 2002.
Eugene A. Ledet, Jr., Rivers, Beck, Dalrymple & Ledet, Alexandria, LA, for Claimant/Appellee: Louis Burge.
Joseph J. Bailey, Provosty, Sadler, Delaunay, Fiorenza & Sobel, Alexandria, LA, for Defendant/Appellant: Louisiana Insurance Guaranty Association.
Court composed of NED E. DOUCET, JR., Chief Judge, HENRY L. YELVERTON, ULYSSES GENE THIBODEAUX, SYLVIA R. COOKS, JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, OSWALD A. DECUIR, JIMMIE C. PETERS, MARC T. AMY, MICHAEL G. SULLIVAN, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
EN BANC.
We have decided, on our own motion, to hear this case en banc to reconcile a split in this circuit concerning the application of La.R.S. 23:1223, i.e., whether the law in effect at the time a claimant was injured governs his case throughout or whether the effective date of any amendment to La.R.S. 23:1223 should thereafter apply to his claim. In Texaco, Inc. v. Foreman, 96-1434, p. 4 (La.App. 3 Cir. 4/2/97); 692 So.2d 684, 687, writ denied, 97-1617 (La.10/3/97); 701 So.2d 206, we stated the following:
Texaco and Cigna contend that pursuant to La.R.S. 23:1223, Foreman is entitled to 148 weeks of SEB from July 1996 rather than the 520 weeks awarded by the hearing officer. We agree. La.R.S. 23:1223(B) provides that when TTD benefits have been paid, the amount of these benefits shall be deducted from any SEB awarded. Prior to the 1989 amendment to La.R.S. 23:1223 (which became effective January 1, 1990), the statute did not provide for such a deduction from SEB. Since Foreman has received 372 weeks of TTD benefits from *1099 January 1990 through July 1996, he may be entitled to a maximum of an additional 148 weeks of SEB rather than the 520 weeks awarded by the hearing officer.
Subsequently, in Town of Basile v. Clark, 99-1261, p. 4 (La.App. 3 Cir. 5/31/00); 769 So.2d 591, 594, writ denied, 00-2002 (La.10/27/00); 772 So.2d 124 we held:
If an amendment constitutes a substantive change in the law, the amendment is to be applied prospectively only. See La.Civ.Code art. 6; St. Paul Fire & Marine Insurance Co. v. Smith, 609 So.2d 809 (La.1992). A review of workers' compensation cases shows that where questions of retroactivity have arisen, the general rule against retroactivity has been applied. See Bruno v. Harbert International, 593 So.2d 357 (La.1992); Batiste v. Capitol Home Health, 96-799 (La.App. 3 Cir. 5/7/97); 699 So.2d 395; Miles v. F.D. Shay Contractor, Inc., 626 So.2d 74 (La.App. 3 Cir.1993); Bonded Freight, Inc., v. Bowens, 96-167 (La.App. 3 Cir. 6/12/96); 676 So.2d 739; Dietz v. Guichard Drilling Co., 626 So.2d 79 (La.App. 3 Cir.1993). We follow the majority rule and find that La.R.S. 23:1223(B) is not retroactive.
At the time of Claimant's injury, the applicable law provided that "[w]hen compensation has been paid under R.S. 23:1221(1), (2), or (3), the amount of such payment shall be deducted from any compensation allowed under R.S. 23:1221(4) or Subpart C of this Part." La.R.S. 23:1223(A). Subsequently, the legislature added section B which reads as follows: "[e]xcept as provided in R.S. 23:1221(4)(s), when compensation has been paid under R.S. 23:1221(1), (2), or (4), the amount of such payment shall be deducted from any compensation allowed under La.R.S. 23:1221(3) or Subpart C of this Part." La.R.S. 23:1223(B).
The supreme court in Thibodeaux v. Diamond M Drilling Co., 93-2963 (La.2/25/94); 632 So.2d 736, addressed the application of the provision and stated that:
This section [section B] did not provide a credit against an award of supplemental earnings benefits until it was amended effective January 1, 1990. Because the amendment established a new credit for the employer, thereby divested the employee of compensation, we find that the amendment constituted a substantive change in the law. Accordingly, retroactive application of this amendment is impermissible and the employer has no right to a reduction of benefits because no such reduction was authorized at the time of the plaintiffs injury.

Id. at 736. (Emphasis added; citations omitted; footnote omitted.)
Id. at pp. 4-5; 594.
In the case sub judice, the workers' compensation judge chose to follow our decision in Town of Basile. The Defendant, Louisiana Insurance Guaranty Association (LIGA) appealed arguing that Town of Basile stands alone and that the workers' compensation judge should have followed this court's ruling in Texaco, Inc., the fourth circuit's opinion in Fallen v. New Orleans Police Dept., 97-22 (La.App. 4 Cir. 7/23/97); 697 So.2d 1077, and the second circuit's opinion in Mason v. Auto Convoy, 27,444 (La.App. 2 Cir. 11/1/95); 662 So.2d 843, writ denied, 95-2905 (La.2/2/96), 666 So.2d 1103.
We find that our ruling in Town of Basile is the correct statement of the law and adopt it as the official stance of this court on the issue presented.

LAW AND DISCUSSION
At the onset, we note that Appellant is incorrect in its statement that the second *1100 circuit, in Mason, agrees with our ruling in Texaco, Inc. and the fourth circuit's ruling in Fallen. First, the primary issue in Mason was: "When is an employee considered retired?" The second circuit found that the claimant had received all the benefits to which he was entitled because he had retired. The question of the application of La.R.S. 23:1223 was a collateral issue addressed by the court as follows:
The WCHO [Workers' Compensation Hearing Officer] stated that if these payments are considered TTDs, Auto Convoy is entitled to a credit for surplus TTDs paid against SEBs owed under LRS 23:1223(B). This was not the law in effect for Mason's circumstances. The w.c. [workers' compensation] law in effect on the date of the worker's injury is controlling. Hill v. L.J. Earnest, Inc., 568 So.2d 146 (La.App. 2d Cir.1990), writ denied [571 So.2d 652 (La.1990)]. LRS 23:1223(B) became effective January 1, 1990, after Mason's September 4, 1989, injury. This statute is substantive and will not be applied retroactively. Thibodeaux v. Diamond M Drilling Company, 93-2963 (La.2/25/94), 632 So.2d 736.
Mason v. Auto Convey, 27,444, pp. 9-10; 662 So.2d 843, 848. Thus, Mason agrees with our ruling in Town of Basile.
Thibodeaux makes it perfectly clear "that the amendment constituted a substantive change in the law" and thus could not be applied retroactively. However, it did not specifically address the issue of La.R.S. 23:1223(B)'s prospective application to benefits which, although they arose from an accident which happened before its adoption, continued past the date the amendment became effective.
It is well settled in workers' compensation cases that generally the law governing an action for benefits is the law that was in effect at the time of the injury.
In Skipper v. Acadian Oaks Hospital, 00-67, p. 4 (La.App. 3 Cir. 5/3/00); 762 So.2d 122, 124-25, we commented:
We have reviewed the workers' compensation jurisprudence of the supreme court and found that beginning with Boyer v. Crescent Paper Box Factory, 143 La. 368, 78 So. 596 (La.1917), the cases in which the supreme court has held that "[t]he law applicable in a worker's compensation case is the one in effect at the time of the injury" have been cases where the issue was an employee's entitlement to benefits or the amount of benefits an employee was entitled to receive. See Craver v. Gillespie, 148 La. 182, 86 So. 730 (La.1920); Leon v. Crowell & Spencer Lumber Co., 151 La. 932, 92 So. 389 (La.1922); Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991); Bruno v. Harbert Int'l, Inc., 593 So.2d 357 (La.1992); Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94); 630 So.2d 733; Coates v. Byrd Constr. Serv., Inc., 94-2989 (La.2/9/95); 650 So.2d 237; Daugherty v. Domino's Pizza, 95-1394 (La.5/21/96); 674 So.2d 947; Chevalier v. L.H. Bossier, Inc., 95-2075 (La.7/2/96); 676 So.2d 1072.
La.R.S. 23:1223(B) addresses "an employee's entitlement to benefits" by limiting "the amount of benefits an employee... [is] entitled to receive." Id. Hence, its version at the time the employee sustained his or her injury must be applied.
Accordingly, for the reasons stated above, the judgment of the workers' compensation judge is affirmed. All costs of this appeal are assessed against Appellant, Louisiana Insurance Guaranty Association.
AFFIRMED.