## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 03-913


**DARRELL BENJAMIN**

**VERSUS**

**ASPLUNDH TREE COMPANY**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 02-00520
SHARON MORROW, WORKERS' COMPENSATION JUDGE


**\*\*\*\*\*\*\*\*\*\***


## BILLY HOWARD EZELL
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**


**Thomas Reginald Hightower, Jr.**
**Attorney at Law**
**P. O. Drawer 51288**
**Lafayette, LA 70505**
**(337) 233-0555**
**Counsel for: Defendant/Appellee**
**Asplundh Tree Company**



**Darrell Benjamin**
**In Proper Person**
**207 Sabatier Road**
**Scott, LA 70583**
**(337) 264-9703**
**Plaintiff/Appellant**

**EZELL, JUDGE**.

Darrell Benjamin files an appeal from a decision of the Office of Workers' Compensation finding that he had reached supplemental earnings benefits (SEB) status and therefore, was no longer entitled to indemnity benefits pursuant to La.R.S. 23:1221(3)(d) and La.R.S. 23:1223. For the following reasons we affirm.

## FACTS

Benjamin was injured in the course and scope of his employment with Asplundh Tree Expert Company when he fell from a tree on August 17, 1992. He injured his right knee resulting in a partial tear of the anterior cruciate ligament. Dr. Robert Morrow, an orthopedic surgeon, performed an arthroscopic procedure. Dr. Morrow continued to treat Benjamin for his knee problems. On April 13, 1993, the Office of Workers' Compensation awarded him weekly temporary total disability benefits (TTD) in the amount of $202.13, which he received until December 11, 2001, when his benefits were converted to SEB. As a result, Benjamin filed a disputed claim for compensation.

A trial on the matter was held on August 20, 2002. The workers' compensation judge (WCJ) found that Asplundh had proven that jobs were available within Benjamin's restrictions and that Benjamin was entitled to SEB. Since Benjamin had been receiving TTD and SEB for ten years, she also found that his benefits terminated pursuant to La.R.S. 23:1221(3)(d) and La.R.S. 23:1223. A judgment was signed on February 13, 2003.

Benjamin appealed the judgment and appears in proper person to this court. We note that Benjamin was represented by counsel in the lower court proceedings.

## SUPPLEMENTAL EARNINGS BENEFITS

1

Benjamin's brief to this court basically argues that he is unable to perform any of the jobs that the WCJ found he was capable of performing, and that he is still entitled to TTD. As we review the evidence in the record, we are mindful that a WCJ's findings of fact are subject to the manifest error standard of review. *Edwards v. Sawyer Indus. Plastics, Inc.*, 99-2676 (La. 6/30/00), 765 So.2d 328.

In 1996 Crawford and Company was hired by Asplundh to perform vocational services for Benjamin. As part of the vocational services, he was sent to truck driving school in 1999, which was approved by Dr. Morrow as long as he did not have to unload merchandise. At that time, Dr. Morrow found Benjamin capable of medium work but restricted him from squatting and lifting a load with his right knee flexed. The evidence also indicates that Dr. Morrow had approved Benjamin to work in several job positions as far back in 1994.

Later, on September 13, 2001, Crawford and Company presented five job positions to Dr. Morrow for his approval. He approved four of the positions which included two maintenance positions, a dispatch position, and a driver. Dr. Morrow did not approve a laborer position. It was at the point that Asplundh converted Benjamin's benefits from TTD to SEB.

After trial on the matter, the WCJ found that there was some question as to the suitability of the dispatch position and the availability of one of the maintenance positions. However, she found that the remaining two positions were appropriate and available.

Louisiana Revised Statute 23:1221(1)(c) provides that whenever the employee is not engaged in any employment, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence that he is physically unable to engage in any employment, regardless of the nature or character of the employment. In light of Dr. Morrow's opinion that Benjamin is capable of

2

performing work, in addition to the fact that Crawford and Company specifically found available jobs within Benjamin's restrictions, we cannot say that the WCJ was in error in finding Benjamin was no longer entitled to TTD.

We further agree that Benjamin is no longer entitled to receive any indemnity benefits pursuant to La.R.S. 23:1221(3)(d)(ii) and La.R.S. 23:1223 because ten years have elapsed since the commencement of benefits and Asplundh is entitled to a credit for the TTD it paid to Benjamin prior to his entitlement to SEB. *Thibodeaux v. Diamond M. Drilling Co.*, 93-2963 (La. 2/25/94), 632 So.2d 736; *Burge v. Louisiana Ins. Guar. Ass'n*, 02-33 (La.App. 3 Cir. 5/15/02), 819 So.2d 1098, *writ denied*, 02-2209 (La. 11/15/02), 829 So.2d 427.

For the above reasons, the judgment of the Office of Workers' Compensation is affirmed. We pretermit the assessment of costs, as Mr. Benjamin appears as a pauper.

**AFFIRMED.**