703 So.2d 201 (1997)
Keith EVANS
v.
ORLEANS PARISH SCHOOL BOARD.
No. 97-C-1911.
Court of Appeal of Louisiana, Fourth Circuit.
November 26, 1997.
Writ Denied February 20, 1998.
Joseph G. Albe, Metairie, for Plaintiff-Respondent.
James M. Taylor, Taylor, Wellons & Politz, New Orleans, for Defendant-Relator.
Before SCHOTT, C.J., and MURRAY and CIACCIO, JJ.
SCHOTT, Chief Judge.
On the application of Orleans Parish School Board we grant certiorari in order to consider the validity of a judgment of a worker's compensation judge declaring that relator is not entitled to an offset against worker's compensation benefits for sick leave benefits paid to her pursuant to LA-R.S. 17:1201 and 17:1202. We reverse.
While plaintiff was on the job as a teacher at Booker T. Washington School on September 15, 1994, she was injured in an altercation with a student. She received her salary for the remainder of the 1994-1995 year pursuant to R.S. 17:1201 and 1202 and this court's judgment in Gayle v. Porter, 239 So.2d 739 (La.App.4th Cir.1970), writ denied 257 La. 171, 241 So.2d 531. In August 1995 she returned to work as a teacher. In September she filed a claim for worker's compensation benefits based upon her alleged disability from September 15, 1994 through June 1, 1995.
In response to her claim relator took the position that no benefits were due because of the offset provided by R.S. 23:1225(C)(1)(c) & 1225(C)(4). The former provides that compensation benefits shall be reduced by the amount of disability benefits paid to the employee. R.S. 23:1225(C)(4) provides:
If a conflict arises between the application of the provisions of this Section and those of any other Louisiana law or contract of insurance, the provisions of this Section shall control.
In Garrett v. Seventh Ward General Hospital, 660 So.2d 841, 843 (La.1995), the court in construing these provisions of the worker's compensation law found that their purpose was to prevent an injured worker from receiving "duplicative benefits from different parts of the over all system provided by the employer and thereby recover more than the amount of his or her actual wages." This is precisely what plaintiff is seeking, a duplication of benefits, and it is precisely what the worker's compensation judge has erroneously ordered.
Accordingly, the judgment below is reversed and set aside and their is judgment in favor of Orleans Parish School Board recognizing its entitlement to an offset pursuant to *202 R.S. 23:1225(C) for the benefits it paid to plaintiff in the form of "Gayle Pay".
REVERSED.