792 So.2d 943 (2001)
Bobbie B. ANDERSON
v.
ORLEANS PARISH SCHOOL BOARD.
No. 2000-CA-0909.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 2001.
*944 Diane R. Lundeen, Rosen & Lundeen, LLP, New Orleans, LA Counsel for Plaintiff/Appellant.
Alan J. Yacoubian, Rene' S. Paysse, Jr., Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, Counsel for Defendant/Appellee.
Shelley Hammond Provosty, Montgomery, Barnett, Hammond, Mintz, L.L.P., New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Judges DENNIS R. BAGNERIS, SR., MICHAEL E. KIRBY, and DAVID S. GORBATY.
Judge MICHAEL E. KIRBY.
On January 31, 1989, the claimant, Bobbie Anderson, was assaulted by one of her students during the course and scope of her employment as an elementary school teacher with the Orleans Parish School Board ("School Board"). Claimant allegedly suffered serious injuries as a result of this assault and has undergone significant medical treatment.
From the time of her injury through February 1996, Louisiana Insurance Guaranty Association ("LIGA"), the School Board's workers' compensation carrier, paid claimant compensation benefits in accordance with the provisions of the Louisiana Workers' Compensation Act, La. R.S. 23:1021 et seq. Since her injury, the claimant has also received, and continues to receive, benefits from the Orleans Parish School Board pursuant to La. R.S. 17:1201(C)(1)(a), commonly referred to as "assault pay", as a supplement to her workers' compensation benefits.[1] LIGA became the School Board's workers' compensation *945 insurer upon the insolvency of its previous insurer. These facts are undisputed.
LIGA terminated compensation payments to claimant in February 1996, claiming that La. R.S. 23:1225(C) entitles it to an offset because it contends that the assault pay is payment under a disability benefits plan funded by an employer. LIGA argues that R.S. 23:1225(C) mandates an offset in this situation because claimant allegedly received disability benefits in excess of 66 2/3 of her pre-injury salary and/or earnings.
Both claimant and the School Board contend that the assault pay benefits were not benefits made under a disability benefits plan, and that the workers' compensation benefits and assault pay benefits were properly coordinated. Claimant and the School Board contend that assault pay benefits are a form of sick leave, and are not subject to the offset provisions of the Workers' Compensation Act.
On June 26, 1996, claimant filed a disputed claim for compensation against the School Board, alleging that the School Board's insurer terminated compensation benefits as of February 15, 1996, and refused to make complete payment for certain medical expenses. Claimant contends that benefits under the Workers' Compensation Act should be reinstated retroactive to February 13, 1996. The School Board agrees, but contends that these benefits should be paid by LIGA. The School Board contends that it is only responsible for continuing to pay claimant the supplemental assault pay benefits that it has made since January 31, 1989. LIGA intervened as a defendant in this matter.
Prior to trial, the parties agreed that claimant was entitled to temporary total disability benefits and medical benefits, and that the only issue remaining for the judge was a determination of the proper party to pay claimant indemnity benefits. Because the only remaining issue was a legal one, the parties agreed to submit the matter on briefs only.
The workers' compensation judge rendered judgment in favor of LIGA and against the School Board, finding that the claimant's injury of January 31, 1989, was the result of a battery committed by a student and holding that La. R.S 17:1201(C)(1)(a) was applicable in this case, and that claimant was not entitled to workers' compensation benefits for her injury of January 31, 1989. The judge cited the case of Boseman v. Orleans Parish School Board, 98-1415 (La.App. 4 Cir. 1/6/99), 727 So.2d 1194, in support of her ruling. The judge added that it was beyond her authority to state whether claimant is entitled to assault pay under R.S. 17:1201; her only authority was to decide whether claimant is entitled to workers' compensation benefits. Both claimant and the School Board appealed.
On appeal, claimant and the School Board raise several common arguments. Additionally, claimant raises several other separate arguments. We will address the common arguments first.
In the first argument, claimant and the School Board argue that the trial court erred in holding that only the assault pay statute, and not the Workers' Compensation Act, is applicable to claimant's injury. La. R.S. 17:1201(C)(1)(a) provides as follows:
Any member of the teaching staff of the public schools who is injured or disabled while acting in his official capacity as a result of assault or battery by any student or person shall receive sick leave without reduction in pay and without *946 reduction in accrued sick leave days while disabled as a result of such assault or battery. However, such member of the teaching staff shall be required to present a certificate from a physician certifying such injury and disability.
Another pertinent portion of La. R.S. 17:1201 is Section (D)(1), which provides:
Any member of the teaching staff in the public schools who is injured or disabled while acting in his official capacity shall be entitled to weekly wage benefits under the worker's compensation law of the state of Louisiana and/or to sick leave benefits under Subpart B of Part X of this Chapter, at his option, but in no event shall such benefits exceed the total amount of the regular salary the member of the teaching staff was receiving at the time the injury or disability occurred.
La. R.S. 23:1225(C) of the Workers' Compensation Act provides as follows:
(1) If an employee receives remuneration from:
(a) Benefits under the Louisiana Workers' Compensation Law.
(b) Old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other workers' compensation benefits,
then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers' compensation benefit, so that the aggregate remuneration from Subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.
(2) Notwithstanding the provisions of Paragraph (1) of this Subsection, benefits payable for injury to an employee under this Chapter shall not be reduced by the receipt of benefits under this Chapter or any other laws for injury or death sustained by another person.
(3) If an employee is receiving both workers' compensation benefits and disability benefits subject to a plan providing for reduction of disability benefits, the reduction of workers' compensation benefits required by Paragraph (1) of this Subsection shall be made by taking into account the full amount of employer funded disability benefits, pursuant to plan provisions, before any reduction of disability benefits are made.
(4) If a conflict arises between the application of the provisions of this Section and those of any other Louisiana law or contract of insurance, the provisions of this Section shall control.
Both claimant and the School Board agree that claimant elected to receive workers' compensation benefits in addition to assault pay. LIGA argues that there is a conflict between R.S. 23:1225(C) and R.S. 17:1201; claimant and the School Board argue that there is no such conflict because R.S. 23:1225(C) is inapplicable to the payment of assault pay benefits because those benefits are sick leave benefits and not benefits paid pursuant to a disability plan. LIGA, on the other hand, argues that assault pay benefits are disability benefits subject to a set-off under R.S. 23:1225(C).
We agree with the argument of claimant and the School Board that the trial court erred in holding that claimant was entitled only to benefits under the assault pay provision of R.S.17:1201(C)(1)(a), and not to benefits *947 under the Workers' Compensation Act. The claimant and the School Board argue that the trial court ignored the provisions of R.S. 17:1201(D)(1), which allows for the supplementation of workers' compensation benefits with sick leave benefits in situations where a teacher is injured while acting in her official capacity. We need look no further than to the wording of R.S. 17:1201(C)(1)(a) to conclude that assault pay benefits are a form of sick leave, in that they are identified as such in that statutory provision.[2] Therefore, under the provisions of R.S.17:1201(C)(1)(a) and R.S. 17:1201(D)(1), we find that claimant was entitled to receive both assault pay benefits and workers' compensation benefits, provided these benefits were properly coordinated so that claimant's total benefits did not exceed her pre-injury salary and/or earnings. We will discuss the coordination of benefits later in this opinion.
Because of our conclusion that assault pay benefits are a form of sick leave, and not benefits paid under a disability plan, we find that the set-off provision of R.S. 23:1225(C) is inapplicable in this case. Therefore, we find that LIGA improperly discontinued the payment of workers' compensation benefits to claimant.
Claimant and the School Board also argue that the trial court based her decision on an erroneous interpretation of this Court's decision in Boseman v. Orleans Parish School Board, supra. We agree that the reasoning in the Boseman decision does not support the trial court's decision in this matter. In Boseman, a teacher was injured while attempting to break up a fight between two students in her classroom. One of the issues raised by the parties on appeal was whether Boseman's injuries should be covered under the assault pay provision of R.S. 17:1201(C)(1)(a) or the physical contact provision of R.S. 17:1201(C)(1)(b). This Court found that it was not necessary to determine whether Boseman's injuries were caused by an assault and battery or by physical contact; rather, the issue for determination was whether the injury was caused by physical contact that was also an assault and battery. This Court found that Boseman had suffered a battery at the hands of her students and held that she was entitled to assault pay.
In the instant case, it is undisputed that claimant's injuries were caused by an assault and battery. The Boseman court did not hold that a teacher who is battered by a student is only entitled to receive assault pay benefits and not workers' compensation benefits. In fact, the Court stated that a teacher who is injured while acting in her official capacity is entitled to weekly wage benefits under the Louisiana Workers' Compensation Act, and the assault pay provision provides additional compensation when the contact with a student that causes the teacher's injury is an assault and battery. Boseman v. Orleans Parish School Board, 98-1415, p. 6, (La.App. 4 Cir. 1/6/99), 727 So.2d at 1197. (Emphasis ours.) Therefore, the trial court's reliance on Boseman in support of her ruling that claimant is only entitled to assault pay and not to workers' compensation benefits is misplaced.
*948 In addition to the above arguments urged by both claimant and the School Board, the claimant also asserts several other arguments. Claimant argues that this Court's decision in Evans v. Orleans Parish School Board, 97-1911 (La.App. 4 Cir. 11/26/97), 703 So.2d 201, a case relied upon by LIGA in its appeal brief, should be overruled. In Evans, the trial court held that the Orleans Parish School Board was not entitled to an offset against workers' compensation benefits for sick leave benefits paid to claimant pursuant to La. R.S. 17:1201 and 1202. The claimant in Evans was injured in an altercation with a student. The claimant received her salary for the period of her disability pursuant to R.S. 17:1201 and 1202. After returning to work, claimant filed a claim for workers' compensation benefits for the period of her disability. This Court reversed the trial court and held that the School Board was entitled to an offset pursuant to R.S. 23:1225(C) for the benefits it paid to plaintiff pursuant to R.S. 17:1201 and 1202.
In reaching this decision, this Court cited the case of Garrett v. Seventh Ward General Hospital, 95-0017, pp. 3-4 (La.9/22/95), 660 So.2d 841, 843[3], in which the Supreme Court noted that the workers' compensation law does not allow an injured worker to receive "duplicative benefits from different parts of the over all [sic] system provided by the employer and thereby recover more than the amount of his or her actual wages." Following that quote, the Evans court stated that "[t]his is precisely what plaintiff is seeking." Evans v. Orleans Parish School Board, 97-1911, p. 2 (La.App. 4 Cir. 11/26/97), 703 So.2d 201, 201.
LIGA argues that the Evans case supports its position that assault pay benefits are benefits paid pursuant to a disability benefits plan. However, the claimant in the instant case is not seeking to recover more than the amount of her actual wages; rather, she is seeking the coordination of her benefits under the assault pay statute with her benefits under the workers' compensation law in an amount totaling, but not exceeding, her actual salary. There was no duplication of recovery in the instant case. In Evans, the claimant received her salary in assault pay, and then tried to claim workers' compensation benefits for that same period. Because the Evans case involved a completely different factual situation than the instant case, we find that the holding in the Evans case is not applicable in this case.
Next, claimant argues that LIGA should be assessed sanctions for its failure to conduct reasonable inquiry into claimant's case before reducing claimant's benefits. Without reaching the issue of whether or not the proper procedures for requesting sanctions were followed in this case, we do not find that the circumstances of this case warrant the imposition of sanctions against LIGA. While claimant is correct in stating that sanctions may be imposed pursuant to La. C.C.P. art. 863 in a workers' compensation case, we cannot say that LIGA's actions in this case are sanctionable, given the lack of jurisprudence on the particular situation presented by this case.
Claimant also argues that the School Board should be assessed penalties *949 and attorney's fees for its failure to pay claimant's workers' compensation benefits when it knew that she was not receiving these benefits from LIGA and that she was totally disabled. We find that LIGA, as the School Board's workers' compensation insurer, is the sole party responsible for payment of workers' compensation benefits to claimant. LIGA's decision to terminate workers' compensation benefits to claimant cannot be imputed to the School Board. Therefore, claimant's request for the assessment of penalties and attorney's fees against the School Board is denied.
Finally, claimant requests that she be awarded additional attorney's fees and costs for prosecuting this appeal. This request is denied.
Regarding the coordination of benefits in this matter, we have noted that the claimant is entitled to receive assault pay benefits to supplement her workers' compensation benefits as long as the total of these benefits does not exceed her pre-injury salary and/or earnings. The amount of workers' compensation benefits to which claimant is entitled is set by statute. In calculating the assault pay benefits owed to claimant, the School Board should have paid claimant the difference between her pre-injury salary and her workers' compensation benefits, and no more. The School Board admits that claimant's assault pay has increased over time to reflect salary increases to which claimant would have been entitled if she were still working as a teacher. Unfortunately for claimant, R.S. 17:1201(D)(1) is clear that the total amount of sick leave (assault pay) and workers' compensation benefits paid to a claimant cannot exceed the total amount of the regular salary the member of the teaching staff was receiving at the time the injury or disability occurred. (Emphasis ours.) Therefore, the School Board is entitled to a credit for amounts paid to claimant in assault pay that exceeded the amount of assault pay to which she would have received at the time of her injury.
For the reasons stated above, the judgment of the Workers' Compensation Judge is reversed. Judgment is hereby rendered ordering LIGA to reinstate the payment of workers' compensation benefits to claimant retroactive to February 13, 1996, in accordance with the provisions of the Louisiana Workers' Compensation Act. Judgment is further rendered limiting the amount of assault pay benefits owed by the School Board to the claimant to the amount of assault pay benefits to which claimant was entitled at the time of her injury. The School Board is entitled to a credit for assault payments exceeding that amount.
REVERSED AND RENDERED.
NOTES
[1] After the claimant was injured, she returned to work for brief periods and was not paid benefits for those periods.
[2] Our conclusion that the assault pay benefits are a form of sick leave is not based on the deposition testimony of the payroll supervisor for the School Board, Andrew Meibaum. Meibaum testified that the assault pay was paid by the School Board out of their salary accounts and not in the form of disability insurance. We do not find this testimony persuasive on the issue of the classification of assault pay benefits as sick leave. Furthermore, this testimony is unnecessary in our analysis because, as stated above, the wording of R.S. 17:1201(C)(1)(a) is clear that assault pay benefits are in the form of sick leave.
[3] We note that Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95), 660 So.2d 841, was subsequently overruled by Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623. The case of Evans v. Orleans Parish School Board, 97-1911 (La.App. 4 Cir. 11/26/97), 703 So.2d 201, was not overruled by the Pitre decision. The issues presented in the instant case do not require that we consider overruling Evans, because the facts in Evans are distinguishable from the facts in the instant case.