# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 07-465

**DEBRA JACKSON**

**VERSUS**

**CONAGRA POULTRY COMPANY**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 05-08189
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**Cooks, J., dissents and assigns written reasons.**

**AFFIRMED.**

**Maurice Blake Monrose**
**Hurlburt, Privat & Monrose**
**P. O. Drawer 4407**
**Lafayette, LA 70502-4407**
**(337) 237-0261**
**Counsel for Defendant/Appellee:**
**ConAgra Poultry Company**

**George Arthur Flournoy**
**Flournoy, Doggett & Losavio**
**P. O. Box 1270**
**Alexandria, LA 71309-1270**
**(318) 487-9858**
**Counsel for Plaintiff/Appellant:**
**Debra Jackson**

**EZELL, JUDGE.**

Debra Jackson appeals the decision of the workers' compensation judge that Pilgrim's Pride did not owe penalties and attorney fees for incorrect or untimely payment of supplemental earnings benefits (SEB). For the following reasons, we affirm the decision of the workers' compensation judge.

This case has its roots in a previous decision of the court, *Jackson v. ConAgra Poultry,* 02-492 (La. App. 3 Cir. 3/5/03), 839 So.2d 1079, *writ denied*, 03-986 (La. 5/30/03), 845 So.2d 1054, wherein we awarded Ms. Jackson SEB of $783.96 per month based upon a zero wage earning capacity. The ConAgra facility where Ms. Jackson worked was purchased by Pilgrim's Pride, who now takes the place of ConAgra in this suit. Back due benefits were paid in a lump sum through June 30, 2003. Pilgrim's Pride then began making monthly payments to Ms. Jackson in the amount of $723.64, based on a faulty calculation using the appropriate weekly wage.[1] Pilgrim's Pride began paying this amount in July 2003. In September of that year, Ms. Jackson began work at Evergreen Presbyterian Ministries, although she failed to report her wages to Pilgrim's Pride. Pilgrim's Pride continued to pay Ms. Jackson $723.64 monthly to the end of November, 2003. Then, after three months without payment, a lump sum of $2,170.92 was paid to Ms. Jackson for the months of January, February, and March.

Ms. Jackson filed this suit, seeking penalties and attorney fees for alleged incorrect and untimely payments. Pilgrim's Pride filed a reconventional demand for the recovery of overpayments of SEB to Ms. Jackson. After careful consideration and analysis of the facts of this case, the workers' compensation judge ruled that because

---

[1]In our previous decision, this court ordered ConAgra to pay a weekly wage of $180.91. Pilgrim's Pride incorrectly multiplied this number by four to get a $723.64 monthly rate, rather than using the correct calculation - multiplying the weekly rate by fifty-two weeks and dividing that number by twelve months.

1

Pilgrim's Pride had been essentially prepaying benefits to Ms. Jackson, there never became a situation wherein she did not have the correct amount of benefits at the time payment was due. In fact, the prepayments resulted in $2,148.26 in overpayments of SEB to Ms. Jackson. The workers' compensation judge awarded no penalties and attorney fees to Ms. Jackson and awarded Pilgrim's Pride $2,148.26 for the overpayment. From this decision, Ms. Jackson appeals, claiming as her sole assignment of error that the workers' compensation judge erred in refusing to award her penalties and attorney fees for incorrect and untimely payments. We disagree.

Louisiana Revised Statutes 23:1201(C) states: "Installment benefits payable pursuant to R.S. 23:1221(3) shall become due on the fourteenth day after the employer or insurer has knowledge of the compensable supplemental earnings benefits on which date all such compensation then due shall be paid." Failure to pay timely subjects the liable party to a penalty together with reasonable attorney fees, unless the claim is reasonably controverted or if such nonpayment results from conditions beyond the defendant's control. La.R.S. 23:1201(F)(2).

Ms. Jackson claims that the payments for July and August of 2003 were incorrect - that she was paid $723.64, rather than the $783.96 she was owed -so she should be awarded penalties and attorney fees. However, after an examination of the law and facts, this argument is disingenuous at best. As SEB in this matter were to be paid monthly, under La.R.S. 23:1201(C), $783.96 in SEB for July were due on August 14, 2003. The same amount for August was due September 14, 2003. Pilgrim's Pride, however, made a payment of $723.64 on July 1, August 1, and August 29, 2003. Thus, as of the August 14, 2003 due date for July's benefits, Pilgrim's Pride had already overpaid SEB by $663.32 ($723.64 x 2 payments - $783.96 due). After making another payment on August 29, Pilgrim's Pride had

2

overpaid by $603 ($663.32 credit + $723.64 payment - $783.96 due). Therefore, Ms. Jackson was never owed *any* unpaid benefits at the times payment was due. Instead, as noted above, she had in fact received more than she was entitled to for the months of July and August. Ms. Jackson is clearly not entitled to penalties and attorney fees for being paid more than she was owed, before it was due.

Similarly, Ms. Jackson claims that she is owed penalties and attorney fees for untimely benefits for January, February, and March of 2004. She claims she was owed $207.73 for January, $116.68 for February, and $93.92 for March. However, Pilgrim's Pride made additional payments of $723.64 on October 1 and November 3 and 20, 2003, despite the fact that it had already overpaid SEB, and the fact that Ms. Jackson was earning wages at Evergreen. Ms. Jackson admits that by December 31, 2003, all SEB obligations had been met and that Pilgrim's Pride had overpaid by $1,718.26. Therefore, Ms. Jackson again was not owed any unpaid benefits when the credit awarded to Pilgrim's Pride is taken into account. In fact, Pilgrim's Pride had still overpaid Ms. Jackson $1,299.93 after those three months of SEB are taken out of the original credit. Ms. Jackson can not claim late payment for these months, as Pilgrim's Pride had overpaid its obligation months in advance. *See Bossier Elec. v. Cubley*, 35,852, 35,853 (La.App. 2 Cir. 6/14/02), 821 So.2d 685.

The workers' compensation judge correctly ruled that Pilgrim's Pride was not arbitrary or capricious in paying benefits to Ms. Jackson. Therefore, she is owed no penalties and attorney fees. The decision of the workers' compensation judge is, accordingly, affirmed. Costs of this appeal are assessed against Ms. Jackson.

**AFFIRMED.**

3